IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEVARIEN Z. DUNLAP**                                        **PETITIONER**

v.            NO. 3:25-cv-00209-DPM-PSH

**CRAIGHEAD COUNTY**                                    **RESPONDENT**

<u>ORDER</u>

Petitioner Jevarien Z. Dunlap ("Dunlap") began this case by filing a motion for leave to proceed <u>in forma pauperis</u>. <u>See</u> Docket Entry 1. The Court has reviewed the motion and finds that it should be, and is, granted. He may proceed without the prepayment of fees or costs.

Dunlap joined his motion for leave to proceed <u>in forma pauperis</u> with a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. <u>See</u> Docket Entry 2. The Court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is flawed in several respects, and he must file an amended petition before this case can move forward.

Dunlap joined Craighead County as the respondent, although he appears to not currently be in its physical custody as his address of record is in Oakland, California. In the petition, he challenged his September of 2023 guilty plea in JOC-23-6965.[1] It appears that he was fined for the offense, although he appears to represent that he is on probation. He raised two claims in the petition, alleging in full the following:

(1) "lack of assistance from counsel." "I haven't met my attorney before my testament of guilty at the pretrial." See Docket Entry 2 at CM/ECF 5.

(2) "lack of jurisdiction." "I went before a police officer acting as a judge at my pretrial in a small booth. That also freaked me out." See Docket Entry 2 at CM/ECF 6.

The standard form Dunlap used for filing his petition inquired into the attempts he made to present his claims to the state courts of Arkansas.[2] He indicated that he made no attempt to present his claims to the state courts. It is also worth noting that he failed to sign and date his petition.

---

[1] The Court learned the month and year of his guilty plea by accessing ARCourts, the link for the case being <https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965>

[2] This inquiry is important because the federal courts generally cannot consider a claim if the petitioner failed to first present it to the state courts. See Shinn v. Ramirez, 596 U.S. 366 (2022).

2

It will benefit the parties in this case and the Court greatly if Dunlap were to file an amended petition. The Court therefore orders the following:

1) The Clerk of the Court is directed to send Dunlap the standard form for filing a petition pursuant to 28 U.S.C. 2254.

2) Dunlap is ordered to file an amended petition on the standard form. He shall complete the form in full, giving particular attention to the following:

    (a) what his punishment was in JOC-23-6965;

    (b) if he is on probation for the offense in JOC-23-6965;[3]

    (c) the facts supporting his claims;

    (d) what attempts he made to present his claims to the state courts of Arkansas; and

    (e) sign and date his amended petition.

---

[3] 28 U.S.C. 2254(a) provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Bold added). "To support a finding that a petitioner is 'in custody' for purpose of federal habeas corpus jurisdiction in a fine-only case, '[t]here must be present some sort of supervisory control over the defendant, that is, defendant's conduct must be subject in one degree or another to the direction of judicial officers[,]' and/or '[t]he existence of an imminent possibility of incarceration without formal trial and conviction.' Spring v. Caldwell, 692 F.2d 994, 997-98 (5th Cir. 1982) (citing Whorley v. Brilhart, 359 F.Supp. 539, 541-42 (E.D. Va. 1973))." See DuBuc v. Shores, No. 2:23-cv-02044-PKH-MEF, 2023 WL 3743878, 2 (W.D. Ark. May 12, 2023), report and recommendation adopted, No. 2:23-CV-02044-PKH, 2023 WL 3739089 (W.D. Ark. May 31, 2023).

3) Dunlap is given up to, and including, November 7, 2025, to file his amended petition.

(4) Service of process will not be ordered at this time.

(5) Dunlap is hereby notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(6) In the event Dunlap fails to comply with the terms of this Order by November 7, 2025, the Court will recommend that this case be dismissed without prejudice.

IT IS SO ORDERED this 6th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE