# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JEVARIEN Z. DUNLAP**                                                    **PETITIONER**

**v.**                  **NO. 3:25-cv-00209-DPM-PSH**

**CRAIGHEAD COUNTY**                                            **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Jevarien Z. Dunlap ("Dunlap") challenges his guilty plea in Craighead County case JOC-23-6965. It is recommended that this case be dismissed without prejudice <u>sua sponte</u> prior to service of process. He failed to comply with an order to file an amended petition by November 7, 2025, and the petition he initially filed, and has chosen to stand on, is fatally flawed.

Dunlap's petition and information gleaned from the Arkansas Judiciary's ARCourts website reflect that on September 5, 2023, he pleaded guilty in JOC-23-6965 to theft of property. <u>See</u> Docket Entry 2 at CM/ECF 1; https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965. It appears that he was fined, and a plan for paying the fine was established. <u>See</u> https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965.[1] On August 19, 2025, he filed a petition for writ of habeas corpus in the case. <u>See</u> https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965. It appears that no disposition of the petition has been made at this time. <u>See</u> https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965.

---

[1] It appears that Dunlap failed to meet his obligations under the payment plan and came to be charged with contempt of court for failing to pay the fine. <u>See</u> https://caseinfonew.arcourts.gov/opad/case/JOC-23-6965. It appears that no disposition of the charge has been made at this time.

On September 30, 2025, Dunlap began this case by filing the petition at bar. See Docket Entry 2. In the petition, he challenged his guilty plea in JOC-23-6965 on two grounds. The two grounds, and the facts supporting the grounds, were as follows:

> (1) "lack of assistance from counsel." "I haven't met my attorney before my testament of guilty at the pretrial." See Docket Entry 2 at CM/ECF 5.

> (2) "lack of jurisdiction." "I went before a police officer acting as a judge at my pretrial in a small booth. That also freaked me out." See Docket Entry 2 at CM/ECF 6.

The undersigned reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned found the petition flawed in several respects and, on October 6, 2025, directed Dunlap to file an amended petition correcting the flaws. See Docket Entry 3.[2] In the Order, he was cautioned regarding two matters. First, he was notified of his obligation to comply with Local Rule 5.5(c)(2), which provides the following:

---

[2] Dunlap was asked to provide the following in his amended petition: his punishment in JOC-23-6965, if he is on probation for the offense in JOC-23-6965, additional facts supporting his claims for relief, the attempts he made to present his claims to the state courts of Arkansas, and sign and date the amended petition. See Docket Entry 3 at CM/ECF 3.

>It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Second, Dunlap was warned about the necessity of filing an amended petition. Specifically, he was warned that in the event he failed to file an amended petition by November 7, 2025, correcting the flaws, the undersigned would recommend that this case be dismissed without prejudice.

November 7, 2025, has now come and gone, and Dunlap has not filed an amended petition correcting the flaws in his initial petition. It is therefore recommended that this case be dismissed without prejudice <u>sua sponte</u> prior to service of process for two reasons.

First, Dunlap was ordered to file an amended petition by November 7, 2025, correcting the flaws in his initial petition. He filed nothing and thus failed to comply with Local Rule 5.5(c)(2). Specifically, he has failed to monitor the progress of this case, failed to prosecute it diligently, and failed to timely respond to an order to file an amended petition.

Second, notwithstanding the foregoing, the petition Dunlap initially filed, and has chosen to stand on, is fatally flawed. It is so flawed in the following respects:

A) Dunlap joined a geographical division of the State of Arkansas, i.e., Craighead County, as the respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, though, that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

B) Assuming, for the sake of argument, that naming Craighead County as the respondent complied with the Rules Governing Section 2254 Cases in the United States District Courts, Dunlap does not appear to be in Craighead County's physical custody at this time. Instead, the return address he provided the Clerk of the Court is in Oakland, California.

C) Dunlap represented that his current place of confinement is "probation." See Docket Entry 2 at CM/ECF 1. The representation is clearly incorrect.

D) Assuming he believes his punishment in JOC-23-6965 was probation, the Arkansas Judiciary's ARCourts website indicates that he only received a fine in that case. If his punishment is indeed only a fine, it is not clear whether he satisfies the "in custody" requirement of 28 U.S.C. 2254(a).[3]

E) He failed to sign the petition, and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the petition must be signed under penalty of perjury by "the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. 2242."

---

[3]   28 U.S.C. 2254(a) provides that the federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Bold added). "To support a finding that a petitioner is 'in custody' for purpose of federal habeas corpus jurisdiction in a fine-only case, '[t]here must be present some sort of supervisory control over the defendant, that is, defendant's conduct must be subject in one degree or another to the direction of judicial officers[,]' and/or '[t]he existence of an imminent possibility of incarceration without formal trial and conviction.' Spring v. Caldwell, 692 F.2d 994, 997-98 (5th Cir. 1982) (citing Whorley v. Brilhart, 359 F.Supp. 539, 541-42 (E.D. Va. 1973))." See DuBuc v. Shores, No. 2:23-cv-02044-PKH-MEF, 2023 WL 3743878, 2 (W.D. Ark. May 12, 2023), report and recommendation adopted, No. 2:23-CV-02044-PKH, 2023 WL 3739089 (W.D. Ark. May 31, 2023).

For these reasons, it is recommended that this case be dismissed without prejudice <u>sua sponte</u> prior to service of process. All requested relief should be denied, and judgment entered for respondent Craighead County.

DATED this 19th day of November, 2025.

_____
UNITED STATES MAGISTRATE JUDGE